## JORDAN BURT *v.* THE STATE.

1. EVIDENCE — PRACTICE. — In cross-examining a State's witness, the defence asked questions which were explicitly answered on his direct examination, and the court below excluded answers on objection by the State.   *Held,* that no objection to the questions is apparent, but, as they could only have elicited testimony already given, no prejudice to the defendant or material error is shown.

2. THEFT. — Indictment for theft of cattle alleged the property and possession to be in one H.   The proof showed that the cattle belonged to the wife of H., but were under his exclusive management and control, and were taken therefrom without his consent, or that of his wife so far as he knew or believed.   The court charged the jury that to convict they must find that H. was the owner or had the management and control; and refused a general instruction to the effect that if the ownership was in one person and the control in another the want of the consent of both must be shown. *Held,* in view of the evidence and the provisions of the Code, that the charge given was correct, and there was no error in refusing the instruction requested.

APPEAL from the District Court of Menard.   Tried below before the Hon. W. A. BLACKBURN.

*G. W. & H. Chilton,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.   We deem it only important in the determination of the merits of this appeal to consider specially the third and fourth assignments of error, which are set out in the record as follows: "3.  The court erred in excluding

the evidence of the witness Reynolds, for the defence, that defendant did not at any time claim, sell, nor offer or consent to sell, nor have in his possession, the cattle mentioned in the indictment, as shown by bill of exceptions No. 2. 4. The court erred in failing to give fully the law applicable to the case in charge to the jury."

1. On the subject of the exclusion of the testimony of the witness Reynolds, referred to in bill of exceptions No. 2, it is proper to say that the witness testified that he was sheriff and *ex officio* cattle-inspector for Kemble County, and wrote the bill of sale here shown him, in Kemble County, and inspected the cattle there.  The witness further testified as follows : " Defendant did not sign the bill of sale himself; Deaton signed his name to it at his request. I don't know what cattle defendant put in the herd ; the cattle were all together in one herd when I first saw them, and I inspected them all together."  By the bill of exceptions it is shown that the defendant asked the witness the following questions : " 1. What cattle mentioned in the said bill of sale did the defendant authorize the said Deaton to sign up for him?  2. What cattle in the herd in question, and mentioned in the said bill of sale, did you inspect for the defendant?"  We do not see the propriety of raising the objection, or in the court sustaining the objection ; still we are of opinion that the questions could have elicited no further fact within the knowledge of the witness than he had already testified to, and as shown by the extract from his testimony set out above he said he did not know what cattle defendant put in the herd, that they were all together in one herd when he first saw them, and were by the witness inspected all together.  We see no material error in the ruling of the court.  The statement of facts does not support the bill of exceptions, nor does either the statement of facts or the bill of exceptions, singly or together, support the assignment of errors, as we understand the record.

2. With reference to the charge of the court, it is proper

to say that no particular defect in the charge is pointed out by exceptions to the charge as given, nor by the presentation of additional charges by the defendant's counsel.    True, one special charge was asked; which was refused by the court, the judge says, because substantially given in the general charge.    The charge asked and refused is as follows : " When the ownership of property alleged to be stolen is in one party, and another party has the management of said property, it is necessary to prove the want of consent of both parties before a defendant can be convicted of theft of said property."    As an abstract proposition, the charge enunciates an erroneous legal principle ; the sufficiency of a charge must be considered with reference to the testimony to which the jury are to make the application. The charge given by the court on this branch of the investigation was as follows : " Before you can convict the defendant, in addition to the other facts necessary to constitute the crime of theft, it must be proved that Charles M. Hubbell was the owner of the property, or that he had the control and management of it."    This charge, we are of opinion, was substantially correct, and applicable to the facts in evidence.

The Code of Criminal Procedure provides that " it is not necessary, in order to constitute theft, that the possession and ownership of property be in the same person at the time of taking."    Art. 728.    " Possession of the person so unlawfully deprived of property is constituted by the actual control, care, or management of the property, whether the same be lawful or not."    *Fore* v. *The State*, 5 Texas Ct. App. 251 ; *Trafton* v. *The State*, 5 Texas Ct. App. 480. These articles are conclusive of this question.    The indictment alleges the property in Hubbell.    The proof shows that though the property belonged to his wife, he had exclusive control over it.

We find no such error in the rulings or the charge of the court as calls for a reversal of the judgment, and it is affirmed.

*Affirmed.*